IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT LOUIS BROWN,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FORK POLICE DEPARTMENT, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION GRANTING [17] MOTION TO DISMISS<br><br>Case No. 2:23-cv-00578-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 18). Before the court is Defendants American Fork Police Department and Phil Valdez's (collectively, Defendants) Motion to Dismiss (Motion) (ECF 17). The court also considers Plaintiff Robert Louis Brown's (Plaintiff) Response (ECF 19) and Defendants' Reply (ECF 20).[1] Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth herein, the undersigned RECOMMENDS that the court GRANT Defendants' Motion.

I.  BACKGROUND

On August 30, 2023, Plaintiff initiated this matter by filing the Complaint against the American Fork Police Department, Phil Valdez, and Paul Cameron (ECF 1 at 1). Based on the Civil Cover Sheet, it appears that the basis for Plaintiff's suit is for civil rights violations under 42 U.S.C. § 1983 (ECF 1-4). In February 2024, Plaintiff sought leave to amend the Complaint (ECF

---

[1] The court notes that Plaintiff submitted a second response to Defendants' Motion to Dismiss (*see* ECF 21); however multiple responses to such a motion are not permitted under the Local Rules. *See* DUCivR 7-1(a)(9) ("Unless ordered otherwise, the court will not consider additional memoranda."). Because Plaintiff was not granted leave to file a sur-reply, the court does not consider his additional filing in ruling on the Motion.

1

5), and the court granted his request (ECF 15). Plaintiff then filed his Amended Complaint (ECF at 16).

Upon review of the Amended Complaint, it appears that Plaintiff's claims are grounded in his arrest and subsequent prosecution in Utah's Fourth Judicial District (*id.* at 1–2).[2] According to Plaintiff, his Fourth Amendment rights were violated in the state court proceedings, and he asks this court to dismiss that matter in its entirety because the state court "[l]acks jurisdiction" (*id.*). Plaintiff further alleges his public defender is guilty of "misrepresentation" and that his "[Fifth] Amendment civil rights" were violated when he was "put in Utah County Jail" and forced to take a competency evaluation (*id.* at 2). Other individuals whom Plaintiff names in his Amended Complaint include staff from the Utah State Hospital, a Utah Peace Officer Standards and Training (POST) investigator, a state court judge, and a member of the city of Springville's police department (*id.* at 2–9). At one point, Plaintiff posits several questions directed at Defendant Paul Cannon, asking whether Mr. Cannon "investigate[d]" Plaintiff's case, or whether Mr. Cannon contacted the POST investigator or Police Review Board about Plaintiff's case (*id.* at 8). Toward the end of his pleading, Plaintiff also includes a statement indicating there was "misconduct" by Defendant Phil Valdez although Plaintiff does not further elaborate on that point (*id.* at 9).

On May 21, 2024, Defendants filed the present Motion, seeking the dismissal of Plaintiff's Amended Complaint, in its entirety, under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF 17). Defendants argue that the Amended Complaint "does not appear to state a claim at all against Defendants" (*id.* at 2). According to Defendants, Plaintiff appears to allege that his "Fourth Amendment rights were violated," but Plaintiff "does not mention when, where, why, how, or by

---

[2] In reviewing the Amended Complaint, the court is unable to discern the circumstances of Plaintiff's arrest, including any dates relevant to his arrest; nor can the court discern the crime(s) that Plaintiff has been charged with or the present status of those state court proceedings, such as whether they resulted in a conviction.

2

whom" (*id.*). While the Amended Complaint "mentions a pending state court case, a mental illness competency evaluation, interactions with a public defender, and alleged violations of Plaintiff's Fifth Amendment rights," Defendants point out that, as concerns those claims, Plaintiff "again fails to mention when, where, why, how, or by whom" (*id.*). Even construing Plaintiff's pleading liberally, as a court must do in pro se proceedings, Defendants argue that it fails to state a claim upon which relief can be granted and must therefore be dismissed (*id.* at 4).

In his Response, Plaintiff argues that this matter should not be dismissed because, according to Plaintiff, "[t]his is a simple case" (ECF 19 at 1). Plaintiff then provides additional details and allegations regarding Defendants and the claims he is asserting against them (*id.* at 1–2). Plaintiff does not provide any case law or statutory authority in support of his opposition to the Motion, but he does make several separate motions within his Response (*id.* at 3–4). Among other things, Plaintiff moves the court for a settlement conference, damages, and dismissal of the criminal proceedings against him in state court (*id.*). Whereas motions raised in a response are disallowed by the Local Rules, the court will not consider Plaintiff's additional requests and limits its consideration to those arguments made in relation to the Motion. *See* DUCivR 7-1(a)(3) ("A party may not make a motion . . . or a cross-motion in a response or reply. Any motion must be separately filed.").

## II. LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In this review, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted*, 2021 WL 76163 (D. Utah Jan. 8, 2021).

In undertaking this analysis, the court is mindful that Plaintiff is acting pro se and that his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Moreover, a pro se plaintiff "still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). Although the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

### III. DISCUSSION

Plaintiff has indicated that the basis for his suit is 42 U.S.C. § 1983 (ECF 1-4). As explained by the United States Supreme Court, Section 1983 does not create specific rights; rather, it

"provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare Rts. Org.*, 441 U.S. 600, 624 (1979)). To assert a claim under Section 1983, Plaintiff's Amended Complaint must set forth both of the following elements: (1) "the existence of a federally-protected right" and (2) "the deprivation of that right by a person acting under color of state law." *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013).

Although the precise nature of Plaintiff's claims is difficult to discern, Plaintiff appears to be asserting claims for false imprisonment, intentional infliction of emotional distress, and fraud (ECF 16 at 1–2). Plaintiff's allegations seemingly stem from his arrest and a related pending state court case, although there is nothing in the Amended Complaint indicating the nature of the charge(s) against Plaintiff (*see id.*). In particular, Plaintiff apparently takes issue with a competency examination he was forced to undergo and other interactions he had with his public defender, a POST investigator, a state court judge, and other members of law enforcement (*see generally id.*). Notably, several of those individuals whose actions Plaintiff complains of are not named parties to the present action. Other than the questions Plaintiff posed directly to Defendant Paul Cannon (*id.* at 8) and the conclusory statement that Defendant Phil Valdez committed "misconduct" (*id.* at 9), there are no mentions in the Amended Complaint related to the named defendants in this suit much less factual allegations tied to the deprivation of any specific federally-protected right.

Plaintiff's failure to provide specificity in his pleadings is fatal to his claims. As noted by the Tenth Circuit, with claims asserted under Section 1983, "defendants often include the government agency and a number of government actors sued in their individual capacities."

5

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). For that reason, "it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1250. This is consistent with the general principle that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Rosser v. City of Provo, Utah*, No. 2:12-cv-0739-CW-DBP, 2013 WL 4537904, at *8 (D. Utah Aug. 27, 2013) (quoting *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009)). In this matter, the court determines that Plaintiff's Amended Complaint lacks facial plausibility as "it fails to articulate any clear factual or legal basis for the alleged claims and relies entirely upon unsupported and conclusory allegations." *See Rosser*, 2013 WL 4537904, at *8.

The court further notes Plaintiff's Response, which provides additional information related to Plaintiff's claims (*see* ECF 19). This attempt to remedy the Amended Complaint however is ineffective as it is a "well-established" principle "that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Accordingly, where a complaint is so factually deficient that it could not survive a motion to dismiss, a plaintiff cannot "rehabilitate" that complaint through "subsequent briefing." *Skipprint, LLC v. Rastar, Inc.*, No. 2:13-cv-00039, 2013 WL 4430873, at *3 (D. Utah Aug. 16, 2013).

Accordingly, the court determines that the Amended Complaint lacks a sufficient factual basis to provide Defendants with fair notice of the claims asserted against them and does not provide a basis for the court to determine whether Plaintiff is entitled to any relief. *See e.g.*, *Jojola*,

55 F.3d at 494 (affirming the dismissal of a complaint brought under Section 1983 for failure to state a claim where it "fail[ed] to allege any facts purporting to establish the requisite nexus between [the defendant's] tortious conduct and the exercise of state authority"). Because Plaintiff has failed to allege "sufficient facts on which a recognized legal claim could be based," *Hall*, 935 F.2d at 1110, the undersigned recommends that the Motion be granted, and the Amended Complaint be dismissed.

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF 17) be GRANTED and that the Amended Complaint be DISMISSED WITHOUT PREJUDICE.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17 December 2024.

                                           Magistrate Judge Cecilia M. Romero
                                           United States District Court for the District of Utah